ENTERED NOV 2 1 2014

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
LOCATION: AUGUSTA
Docket No. AP-14-16
MMM-KEN-11-19-14

)
MICHAEL J. SIRACUSA, JR.,                    )
                                             )
                  Petitioner,                )        **ORDER ON PETITIONER'S M.R. CIV.**
                                             )        **P. 80C APPEAL**
        v.                                   )
                                             )
STATE OF MAINE DEPARTMENT OF                 )
HEALTH & HUMAN SERVICES,                     )
                                             )
                  Respondent.                )
                                             )
                                             )

Petitioner Michael J. Siracusa filed a M.R. Civ. P 80C appeal challenging a

February 3, 2014 ruling from the Department of Health and Human Services ("DHHS" or

the "Department") affirming two prior determinations denying Mr. Siracusa's requests

for reimbursement for certain non-emergency medical transportation ("NET") expenses.

Mr. Siracusa's requests were denied because the services he sought reimbursement for

were not covered by MaineCare and—because the visits were not emergencies—he

should have contacted the transportation broker in his area, Coordinated Transportation

Solutions ("CTS"). For the reasons discussed below, the Court affirms the Department's

Decision and denies Petitioner's M.R. Civ. P. 80C appeal.

I.      **Background**

The Department implemented the current NET system on August 1, 2013 after

working closely with the federal government for several years. *See generally* Record

Tab, DHHS-2, MaineCare Benefits Manual ("MBM") Chapter II. Under the NET

1

system, the Department utilizes brokers to arrange for transportation to MaineCare covered services for all eligible MaineCare members that reside in the broker's assigned region. *See id.* at § 113.02. Mr. Siracusa resides in Augusta, which is region four. *Id.* at § 113.03. CTS is the NET broker for Mr. Siracusa's region. *Id.*; Record Tab, A, 2/3/14 Department Decision ("Decision") 1-2 (referencing CTS as Ms. Siracusa's broker).

On November 6 and 7, 2013, Mr. Siracusa submitted two customer reimbursement forms to CTS seeking reimbursement for his travel from Augusta to the UMA Dental Health Clinic in Bangor, as well as to Dr. Richard Knipping of Gardiner Family Chiropractic, PC. *See* Record, Tab DHHS-5. The forms contain a section for the medical provider to complete attesting that the person seeking reimbursement, "was seen by the MaineCare covered service provider" on the dates for which the individual seeks NET reimbursement. *See id.* On each of the reimbursement forms submitted by Mr. Siracusa the words "MaineCare Provider" were crossed out and, on one of them, the term "MaineCare covered" was crossed out. *Id.*

CTS denied both of Mr. Siracusa's requests for reimbursement because the services Mr. Siracusa obtained were not MaineCare covered services. Record, Tab DHHS-4.

Mr. Siracusa filed a timely request with the Department for an administrative hearing on each of the two NET reimbursement denials. Record, Tab DHHS-3. The Hearing Officer held an administrative hearing on December 18, 2013. Record, Tab B (Administrative Hearing Transcript). On February 3, 2014, the Hearing Officer issued the Decision upholding CTS's denial of reimbursement for Mr. Siracusa's travel

2

expenses. Record, Tab A, Decision 2-3. Mr. Siracusa appealed that decision pursuant to M.R. Civ. P. 80C on February 26, 2014.

## II. Discussion

### A. Standard of Review

Under the Administrative Procedures Act ("APA"), an agency's decision may be reversed or modified by the Court if it determines that the:

> Findings, inferences, conclusions or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by bias or error of law; (5) Unsupported by substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion.

5 M.R.S. § 11007(4)(C). The Court must give "considerable deference to an agency's interpretation of its rules, regulations, and procedures and will not set it aside, unless the rule or regulation plainly compels a contrary result." *See Fryeburg Health Care Ctr. v. Dep't of Human Servs.*, 1999 ME 122, ¶ 7, 734 A.2d 1141. The petitioner bears the burden of showing the Department's decision is arbitrary or based on an error of law. *Id.* The Court is limited to a review of the administrative record, with few exceptions that are not applicable to the instant case. 5 M.R.S. § 11006(1). "The court shall not substitute its judgment for that of the agency on questions of fact." 5 M.R.S. § 1107(3). The focus on appeal is not whether the appellate court would have reached the same conclusion as the Hearing Officer, but whether the Record contains competent and substantial evidence that supports the results reached. *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258.

3

## B. Whether the MBM and the Hearing Officer's Decision Violate State or Federal Law

Mr. Siracusa argues the Hearing Officer's Decision and the Department's interpretation of the MBM violate the Social Security Act and Americans with Disabilities Act ("ADA") of title 42 of the United States Code, regarding Public Health and Welfare, by denying him reimbursement for the transportation expenses at issue. While Mr. Siracusa is correct that title 42 affords him certain rights and protections, the right to reimbursement for transportation to non-MaineCare covered services is not one of them.

In order to receive federal funds, the Department's MaineCare program must comply with federal law. *See* 42 U.S.C. § 1396a(a). Once the federal requirements are met, states have "substantial discretion to choose the proper mix of amount, scope, and duration limitations on coverage, as long as care and services are provided in the best interests of the recipients." *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't of Health*, 699 F.3d 962, 969 (7th Cir. 2012) (citing *Alexander v. Choate*, 469 U.S. 287, 303 (1985) (quoting 42 U.S.C. § 1396a(a)(19).

Maine, like all states participating in Medicaid, must submit proposed Medicaid "state plans" to the Centers for Medicare & Medicaid Services ("CMS"), a division of the federal Department of Health and Human Services. *See Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, 132 S.Ct. 1204, 1208 (2012). Alternatively, states may apply to CMS for authority to operate a Medicaid service pursuant to a "waiver," in order to waive certain of the state plan requirements set forth in section 1396a. *See* 42 C.F.R. § 430.25(c).[1] If a

---

[1] The Department is operating its NET program pursuant to a waiver. The decision to operate pursuant to a waiver has no significance to the present appeal.

4

state's plan or waiver does not comply with federal requirements, the federal government may withhold that state's Medicaid funding. *See* 42 C.F.R. §§ 430.12(c), 430.20, 430.35.

42 C.F.R. § 431.53 provides that:

A State plan must—

(a) Specify that the Medicaid agency will ensure necessary transportation to beneficiaries to and from providers; and
(b) Describe the methods that the agency will use to meet this requirement.

The Department implemented Section 113 of the MBM to regulate the state's NET services and to satisfy its responsibilities under this regulation.

Sections 113.06(C) and (F) of the MBM require verification of member eligibility for NET services. Record, Tab DHHS-2, MBM §§ 113.06(C), (F). NET brokers, who act on behalf of the Department, must ensure that members are eligible by determining whether the requested trip or requested reimbursement is for a MaineCare-authorized service for that member. *Id.* at §§ 113.06(C), (F)(1)(a). NET services are only available for transportation to MaineCare covered services, and a broker must deny reimbursement for transportation if a member is determined ineligible. *Id.* at §§ 113.04(A) (titled, "Non-emergency transportation to covered MaineCare services"), 113.09(A)(1) (denial of services permitted when a member is ineligible for NET services based on the information provided and available to the Broker). The NET brokers may not allow the use of Medicaid-funded transportation for any purpose other than as stated in Section 113 of the MBM, or for purposes in violation of any state or federal law. *Id.* at § 113.10(B).

Here, the MBM's requirement that reimbursable NET expenses are limited to MaineCare authorized services is not an abuse of discretion and does not violate 42 C.F.R. § 431.53, the Social Security Act, the ADA, or any other applicable federal laws.

This is because section 431.53(a) requires the Department to "ensure necessary transportation for beneficiaries to and from providers[.]" 42 C.F.R. § 431.53(a). Since section 431.53(a) does not define the term providers, the Department has substantial discretion to interpret the term "as long as care and services are provided in the best interests of the recipients." *See Planned Parenthood of Indiana, Inc.*, 699 F.3d at 969 (citing *Alexander v. Choate*, 469 U.S. at 303 (quoting 42 U.S.C. § 1396a(a)(19))). The Department's interpretation of this requirement as restricting NET services—and reimbursement thereof—to transportation for MaineCare covered services is a reasonable exercise of the Department's discretion and does not violate federal law. *See also* 42 C.F.R. § 431.43 (explaining that section 1902(a)(23) of the Social Security Act, codified at 42 U.S.C. § 1396a(23), "provides that beneficiaries may obtain services from any qualified Medicaid provider that undertakes to provide the services to them" (emphasis added).

Furthermore, the Hearing Officer did not abuse her discretion in denying Mr. Siracusa's reimbursement request. This is because the services Mr. Siracusa sought reimbursement for were not MaineCare covered services and thus not available for reimbursement under the MBM. Record, Tab DHHS 5 (Reimbursement Request Forms); Tab 4 DHHS 4 (Denials of Reimbursement Requests); *see also* Record, Tab DHHS-2, MBM §§ 113.04(C), (F).

The authority cited by Mr. Siracusa does not compel a different result. For example, 42 C.F.R. § 440.390 does not apply to the present case because it concerns "benchmark" coverage, which is inapplicable to the present situation. *See* 42 C.F.R. § 440.305. Furthermore, even if section 440.390 were applicable, it would cut against Mr.

6

Siracusa's position as it provides that the State must assure "transportation to and from medically necessary covered Medicaid services." 42 C.F.R. § 440.390 (emphasis added). The services Mr. Siracusa seeks reimbursement for were not MaineCare covered services. Record, Tab DHHS 5 (Reimbursement Request Forms); Tab 4 DHHS 4 (Denials of Reimbursement Requests).

Mr. Siracusa also directs the court to *Harris v. James*, 127 F.3d 993 (11th Cir. 1997). In that case, the court analyzed whether, pursuant to 42 C.F.R. § 431.35 and 42 U.S.C. § 1983, there is a private, enforceable right to transportation to and from Medicaid providers. *Id.* at 1008-09. The eleventh circuit determined no such right existed. *Id.* In *Morgan v. Cohen*, to which Mr. Siracusa also directs the Court, the United States District Court for the Eastern District of Pennsylvania determined that 42 C.F.R. § 431.53 does create an enforceable right to transportation for Medicaid covered services. 665 F.Supp. 1164, 1167 (E.D.Pa. 1987). In both *Harris* and *Morgan*, the plaintiffs sought to protect and enforce their alleged right to transportation to and from Medicaid covered services. *Harris*, 127 F.3d at 1012 ("…we conclude that plaintiffs do not have a federal right, enforceable under [42 U.S.C.] § 1983, to transportation to and from Medicaid providers); *Morgan*, 665 F.Supp. at 1165 (plaintiffs are eligible to attend psychiatric services "subsidized by the medical assistance (Medicaid) program…"). Accordingly, *Harris* and *Morgan* are inapposite because they involved reimbursement for covered services, unlike those for which Mr. Siracusa seeks reimbursement. Record, Tab DHHS 5 (Reimbursement Request Forms); Tab 4 DHHS 4 (Denials of Reimbursement Requests).[2]

---

[2] The other cases cited by Mr. Siracusa are also inapposite: *Barday v. Donnelly*, 2006 WL 381876 (Me. Super. Jan 27, 2006) involved a personal injury/negligence case where MaineCare was an insurer of one of the parties and there were issues regarding the proper

7

## C. Whether the Hearing Officer Entertained Bias Against Mr. Siracusa

Mr. Siracusa alleges that the Hearing Officer, Miranda Benedict, entertained a bias against him and had determined she would rule against him before hearing his argument.

In order to show bias, Mr. Siracusa must present evidence sufficient to overcome a presumption that the fact-finders, as state administrators, acted in good faith. *Friends of Maine's Mountains v. Bd. of Envtl. Prot.*, 2013 ME 25, ¶ 23, 61 A.3d 689 (citing *Mallinckrodt LLC v. Littell*, 616 F.Supp.2d 128, 142 (D.Me.2009)). "Without a showing to the contrary, state administrators 'are assumed to be men [and women] of conscience and intellectual discipline." *Mallinckrodt LLC*, 616 F.Supp.2d at 142.

Here, Mr. Siracusa does not present evidence sufficient to overcome the presumption that Ms. Benedict acted in good faith and in an unbiased manner. While the Court understands why Mr. Siracusa was disconcerted by Ms. Benedict meeting with a member of the Department prior to the hearing, the record presents no evidence of bias. As discussed above, the Court has found that Ms. Benedict properly applied the law to the facts of Mr. Siracusa's case. In addition, the Court's review of the hearing transcript reveals no evidence of improprieties or bias by Ms. Benedict against Mr. Siracusa.

---

amount of damages and *In the Case of: Port Hudson Hospital Provider v. Blue Cross Blue Shield Association*, 2008 WL 6468501 (Dep't of Health & Human Services Sept. 14, 2008) involved a decision of the Administrator of CMS regarding provider reimbursement and issues of dual eligibility. The cases do not address whether transportation expenses to services not covered by MaineCare—or Medicare or Medicaid—must be reimbursed pursuant to state or federal law. Mr. Siracusa's additional references to other sources of law, including website links and lists of various sections of state and federal statutes are likewise inapposite.

## III.  Conclusion

The Social Security Act, the ADA, and federal case law do not prohibit the Department from restricting reimbursement for NET expenses to MaineCare authorized services.  Therefore, because the services Mr. Siracusa seeks reimbursement for were not to MaineCare authorized services, the Hearing Officer did not err in denying Mr. Siracusa's request.  Finally, Mr. Siracausa has not presented sufficient evidence to support his claim that the Hearing Officer was biased against him, or otherwise acted in an improper manner.

The entry will be: Petitioner's M.R. Civ. P. 80C Appeal is DENIED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated:  November 19, 2014

Michaela Murphy, Justice
**Maine Superior Court**

9

| Date Filed | 2/26/14 | Kennebec County | Docket No. AP-14-16 | F |

Action: <u>Petition for Review</u>
      80C

## J. Murphy

| | | |
|---|---|---|
| Michael Siracusa, Jr. | vs. | Department of Health & Human Services |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Michael Siracusa, Jr. - Pro Se<br>297 Cony Road<br>Augusta, ME 04330-0502 | Halliday Moncure, AAG<br>6 State House Station<br>Augusta, ME 04333-0006 |

Date of Entry

| | |
|---|---|
| 2/27/14 | Petition for Judicial Review of Final Agency Action, filed 2/26/14. s/Siracusa, Pro Se<br>Application to Proceed Without Payment of Fees and Indigency Affidavit, filed 2/26/14. |
| 3/5/14 | ORDER, Murphy, J.<br>The filing fee is waived. The service costs shall be paid as an expense of administration.<br>Copy to Petitioner |
| 3/19/14 | Certified Mail receipts, filed 3/14/14. s/Siracusa, Pro Se<br>.- DHHS Commissioner, Administrative Hearings Office, Attn: Miranda Benedict, Esq., delivered 2/18/14 (no signature).<br>- DHHS Commissioner, Administrative Hearings Office, Attn: Gisele Biron, Supt DHHS, delivered 2/18/14 (no signature). |
| 3/28/14 | Entry of Appearance, filed 3/27/14. s/Moncure, AAG |
| 3/28/14 | Respondent's Motion For Enlargement Of Time To File The 80C Record, filed 3/27/14. s/Moncure, AAG |
| 3/28/14 | Objection to "Enlargement of Time," and Request to Seal Certified Record, filed. s/Siracusa, Pro Se |
| 4/16/14 | Respondent's Objection to Petitioner's Motion to Seal Certified Record, filed (4/11/14). s/Moncure, AAG |
| 4/29/14 | Certified Record, filed 4/28/14. s/Moncure, AAG<br>(Sealed pending ruling on Request to Seal filed by Petitioner on 3/28/14) |
| 4/29/14 | Notice and Briefing Schedule issued.<br>Copy to Petitioner and AAG Moncure |

4/30/14     ORDER, Murphy, J. (4/29/14) (re: Respondent's Motion for Enlargement of Time)
The time by which the certified Record must be filed in this matter shall be extended to 5/9/14.
Copy to Petitioner and AAG Moncure

4/30/14     ORDER, Murphy, J. (4/29/14) (re: Petitioner's Request to Seal Certified Record)
Court will defer ruling on this motion until it reviews record from Respondent. Clerk to present record to Court before it is docketed and/or placed in public file.
Copy to Petitioner and AAG Moncure

5/2/14     ORDER, Murphy, J.
The Court has reviewed the record. The Motion to Seal is DENIED.
Copy to Petitioner and AAG Moncure

5/12/14     Brief of Petitioner, filed (5/8/14). s/Siracusa, Pro Se

6/9/14     Brief of Respondent, filed. s/Moncure, AAG

6/25/14     Petitioner's Rebuttal, filed 6/24/14. s/Siracusa, Pro Se

6/25/14     Oral Argument scheduled for 9/3/14 at 1:30.
Notice of Hearing sent to Petitioner and AAG Moncure

6/27/14     Letter requesting the matter be submitted on the briefs, filed. s/Moncure, AAG

9/3/14     Oral argument held, J. Murphy presiding. Michael Siracusa, Jr., Pro Se and Halliday Moncure, AAG
Tape 1898, Index 2150-2716
Under advisement.

11/19/14     ORDER ON PETITIONER'S 80C APPEAL, Murphy, J.
Petitioner's M.R.Civ.P. 80C Appeal is DENIED.
Copy to Petitioner and AAG Moncure
Copy to Repositories

11/19/14     Notice of removal of Record sent to AAG Moncure